IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

**V.**                                                                 **CAUSE NO. 4:11-CR-00005-CWR-FKB**

**JONATAN LOPEZ**

## ORDER DENYING MOTION TO RECONSIDER

In light of this Court's decision on September 21, 2011, to suppress evidence procured at a traffic stop,[1] the United States has moved for reconsideration.[2] But because a review of governing authority leaves this Court confident that its announced ruling was the correct one, the Government's latest motion is denied.

The facts relevant to the matter at hand are recounted at length in the aforementioned Order,[3] but generally speaking, Jonatan Lopez (hereinafter "Lopez") was arrested and charged with possession of cocaine after officers with the Lauderdale County Sheriff's Department stopped him on Interstate 20 and discovered the contraband in the blue Chevrolet Cobalt driven by Lopez. After Lopez's indictment, the defense moved for suppression of that evidence on the basis of a violation of the Fourth Amendment,[4] and following a hearing, the Court granted that

---

[1] Order Granting Motion to Suppress and Dismiss Evidence [Docket No. 22] (hereinafter "the Order"); slip opinion at *United States v. Lopez*, ___ F. Supp. 2d ____, 2011 WL 4790639 (S.D. Miss. Sept. 21, 2011).

[2] Motion to Reconsider Suppression Ruling [Docket No. 23] (hereinafter "Motion to Reconsider").

[3] Order at 1-10.

[4] Motion to Suppress and Dismiss Evidence [Docket No. 14].

1

motion upon concluding that Lopez had not consented voluntarily to police requests to search the Cobalt.

Although the Court agrees that a district judge may reconsider decisions rendered in criminal cases,[5] the Government has not offered a persuasive argument in favor of such action. Motions for reconsideration serve a "narrow purpose."[6] Such requests are often made, but granting the relief is rare, as it is an "extraordinary remedy [and] should be used sparingly."[7] Federal courts recognize

> only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice.[8]

Motions for reconsideration are not to be used to relitigate old matters or to present evidence that could have been raised prior to entry of judgment.[9] "Whatever may be the purpose of [a motion for reconsideration] it should not be supposed that it is intended to give an unhappy

---

[5] *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975).

[6] *Nationalist Movement v. Town of Jena*, 321 Fed. Appx. 359, 365 (5th Cir. 2009).

[7] *Sevel v. BP Prods. North Am.*, 2010 WL 2776369, *1 (S.D. Miss. 2010) (citations omitted).

[8] *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) (citing Fed. R. Civ. P. 59(e)). *See also United States v. Dickerson*, 166 F.3d 667, 678-79 (4th Cir. 1999) (endorsing district court's use of standards enunciated by Rule 59 to evaluate a motion for reconsideration in a criminal case) (*rev'd on other grounds*, 530 U.S. 428 (2000)); *United States v. Lucarelli*, 490 F. Supp. 2d 295, 296-97 (D. Conn. 2007) ("Because no rule of criminal procedure addresses motions for reconsideration, courts typically adopt the standards applied to such motions in civil cases.") (quotation marks and citation omitted).

[9] *Sevel*, 2010 WL 2776369 at *1.

litigant one additional chance to sway the judge."[10]

The Government suggests neither that an intervening change in controlling law has occurred nor that the Court has committed a clear error of law; instead, it rests its motion entirely on a reevaluation of the evidence, which it likewise invites the Court to reexamine.

But the videotape and testimony at issue already have been considered by the Court, and other evidence offered in conjunction with the motion to reconsider – such as an affidavit from a second officer at the scene of Lopez's arrest[11] – was not unavailable to the Government prior to the entry of the September 21 Order. If the Government believed that such evidence would have been helpful to its cause, then it should have adduced that testimony before the Court rendered its decision.[12] The Government's "reconsideration" of its tactical decision not to call Officer Swanner, who was present at the suppression hearing, does not justify giving it a "second bite at

---

[10] *Atkins*, 130 F.R.D. at 626 (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)). *See also Moreland v. Marion Cnty., Miss.*, 2007 WL 2746684 (S.D. Miss. 2007) ("A motion for reconsideration cannot be used to allow languid litigants an unlimited number of chances to get available evidence into the record or to rehash theories already rejected by the Court.").

[11] Exhibit C to Motion to Reconsider (Affidavit of Chris Swanner) [Docket No. 23-4].

[12] In its motion, the Government represents that it was prepared to offer a second witness at the hearing on Lopez's motion to suppress but decided against it when Lopez's attorney said, "I don't think he needs to put him [the second witness] on." Motion to Reconsider at 2. Apparently, based on this suggestion, the Government chose not to call this witness even though it is now apparent to the Government that Swanner could have generated helpful testimony. But it goes without saying that when the Fourth Amendment is at issue, the Government bears the burden of proving that its actions complied with its constitutional mandates. *United States v. Roberts*, 612 F.3d 306, 309 (5th Cir. 2010). Therefore, regardless of the reasons for the Government's decision not to offer relevant evidence, such an absence will not be held against a defendant.

the apple."[13] The Court appreciates the Government's different view of the evidence, but none of the proof now within the record was unavailable prior to September 21.

Furthermore, even if the Court were inclined to review the merits of its decision in light of the Government's newly polished and more refined arguments, the factual determination at the heart of the Order would not change.[14] The Government has offered no persuasive explanation for Lopez's "admission" that his car carried anything illegal,[15] and as a finding of fact, this Court remains unable to conceive an explanation other than a fundamental language barrier.[16] Likewise, other crucial aspects of the Government's motion are uncompelling; for example, as to the Court's factual finding that Lopez's education and intelligence did not support a finding of voluntary consent, the Government argues that Lopez's mere possession of a cellular telephone demonstrates an acumen unduly underestimated. Suffice it to say that this argument is not well taken.[17]

---

[13] *Moreland*, 2007 WL 2746684 at *3.

[14] The reality is that the officer had decided that he was "gonna search" Lopez long before he even asked Lopez for consent. *See* Order at 8. The road to achieving his ultimate objective of searching Lopez began when Matuszewski saw Lopez securing the steering wheel in the 10-2 position. Order at 3.

[15] Order at 9.

[16] The Government now concedes that there was "considerable traffic noise," *see* Motion to Reconsider at 2, which obviously impacted Lopez's ability to hear and understand the statements made by the officer, yet the Government shies away from acknowledging the effect the noise had upon Lopez's ability to understand all that was being said. The Court's concerns, moreover, remain unassuaged by the Government's account of Lopez constant nodding and repeating "OK" during a questioning. *See* Motion to Reconsider at 5-6.

[17] An automobile, like a cellular telephone, is a complicated and technology-laden piece of equipment. If Lopez had not been found with a cellular telephone, then would the Government argue that his possession of and ability to drive an automobile demonstrates a high degree of

4

These are far from the only shortcomings contained within the motion, but ultimately, they need not be addressed one by one. The Government's arguments rest on evidence that was not unavailable prior to entry of the September 21 Order, and even so, they are not sufficiently compelling to sway the Court from its finding of fact that Lopez did not consent voluntarily to police requests to search his car.

The Motion to Reconsider Suppression Ruling is denied.

SO ORDERED this Seventeenth day of October 2011.

    /s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

education and intelligence?